1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | TOM GREENE
Chief Assistant Attorney General
3 | THEODORA BERGER
Senior Assistant Attorney General
4 | SARAH E. MORRISON (SBN 143459)
Deputy Attorney General
5 | 300 South Spring Street
Los Angeles, CA 90013
6 | Telephone: (213) 897-2640
Fax: (213) 897-2802
7 | Email: sarah.morrison@doj.ca.gov

8 | Attorneys for Plaintiffs State of California
Department of Toxic Substances Control and
9 | the Toxic Substances Control Account

FILED
CLERK US DISTRICT COURT

APR 16 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 |

13 | **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL; AND THE CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT,**

14 |

15 | Plaintiffs,

16 | v.

17 | **ARCHER DANIELS MIDLAND COMPANY; ATLANTIC OIL COMPANY; ATLANTIC RICHFIELD COMPANY; MCDONNELL DOUGLAS CORPORATION; CHEVRON U.S.A. INC.; TEXACO INC.; CONOCOPHILLIPS COMPANY; CONOPCO, INC.; DILO, INC.; AIR LIQUIDE AMERICA L.P.; ALA LP LLC; ALA GP LLC; EXXON MOBIL CORPORATION; EXXON MOBIL OIL CORPORATION; MOBIL BUSINESS RESOURCES DEVELOPMENT CORPORATION; MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC.; MOBIL EXPLORATION AND PRODUCING NORTH AMERICA INC.; MOBIL EXPLORATION AND PRODUCING SERVICES INC.; MOBIL EXPLORATION & PRODUCING US INC.; MOBIL MINING & MINERALS COMPANY; THE SUPERIOR OIL COMPANY;**

CASE NO.

FMC

**CV07-07966**

(JCx)

**CONSENT DECREE**

CONSENT DECREE

1   MOBIL PIPE LINE COMPANY;
    EXXON MOBIL PRODUCTION
2   COMPANY; FERRO
    CORPORATION; FMC
3   TECHNOLOGIES INC.;
    HALLIBURTON ENERGY
4   SERVICES, INC.; GLOBAL SANTA
    FE CORPORATION; SHELL OIL
5   COMPANY; UNION PACIFIC
    RAILROAD COMPANY; UNION OIL
6   COMPANY OF CALIFORNIA,

7                               Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION   1

II. JURISDICTION   3

III. PARTIES BOUND   4

IV. DEFINITIONS   4

V. OBLIGATIONS OF SETTLING DEFENDANTS AND TRUST   10

    Compliance with EPA Consent Decree   10

    Notice and Submittals to Plaintiffs.   10

    Review and Comment   11

    Amendment or Modification of the Environmental Restrictive Covenant   14

    Access.   14

    Entry and Inspection   15

VI. PAYMENTS FOR RESPONSE COSTS   15

    Payments for Past Response Costs.   15

    Payments for Future Response Costs   16

VII. INDEMNIFICATION AND INSURANCE   18

    Settling Defendants' Indemnification of the Plaintiffs   18

VIII. FORCE MAJEURE   19

    Notification of Force Majeure Event   20

IX. DISPUTE RESOLUTION   21

    Statements of Position.   22

    Administrative Record.   22

    Administrative Decision.   22

    Judicial Review.   23

X. STIPULATED PENALTIES   23

    Liability for Stipulated Penalties.   23

    Accrual of Stipulated Penalties.   24

## TABLE OF CONTENTS  (continued)

| | Page |
|---|---|
| XI.  COVENANTS NOT TO SUE BY PLAINTIFFS | 27 |
| Plaintiffs' Reservations for Unknown Information/Conditions. | 28 |
| Plaintiffs' General Reservations of Rights. | 29 |
| Future Response/Corrective Actions. | 30 |
| XII.  COVENANTS BY SETTLING DEFENDANTS | 30 |
| Settling Defendants' Covenants Not to Sue | 30 |
| Settling Defendants' Reservations of Rights. | 31 |
| XIII.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 32 |
| XIV.  ACCESS TO INFORMATION | 34 |
| Business Confidential and Privileged Documents. | 34 |
| XV.  RETENTION OF RECORDS | 35 |
| XVI.  NOTICES AND SUBMISSIONS | 37 |
| XVII.  TERMINATION AND SATISFACTION | 37 |
| XVIII.  EFFECTIVE DATE | 38 |
| XIX.  RETENTION OF JURISDICTION | 38 |
| XX.  APPENDICES | 38 |
| XXI.  MODIFICATION | 38 |
| XXII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 39 |
| XXIII.  SIGNATORIES/SERVICE | 39 |
| XXIV.  FINAL JUDGMENT | 40 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. **INTRODUCTION**

A. The State of California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account (collectively referred to as the "Plaintiffs") enter into this Consent Decree with Archer Daniels Midland Company, Atlantic Richfield Company, Atlantic Oil Company, McDonnell Douglas Corporation, Chevron U.S.A. Inc., Texaco Inc., ConocoPhillips Company, Conopco Inc., DiLo, Inc., Air Liquide America L.P., ALA LP LLC, and ALA GP LLC, ExxonMobil Corporation, ExxonMobil Oil Corporation, Mobil Business Resources Development Corporation, Mobil Oil Exploration & Producing Southeast Inc., Mobil Exploration and Producing North America Inc., Mobil Exploration and Producing Services Inc., Mobil Exploration & Producing US Inc., Mobil Mining & Minerals Company, The Superior Oil Company, Mobil Pipe Line Company, ExxonMobil Production Company, Ferro Corporation, FMC Techonologies Inc., Halliburton Energy Services, Inc., GlobalSantaFe Corporation, Shell Oil Company, Union Pacific Railroad Company, Union Oil Company of California (collectively referred to as the "Settling Defendants".)

B. The Plaintiffs have filed a complaint against the Settling Defendants in this Court alleging that the Settling Defendants are liable under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. sections 9601 et seq., and the Hazardous Substance Account Act ("HSAA"), California Health and Safety Code sections 25300 et seq., for costs that have been or will be incurred by the Plaintiffs in response to releases and threatened releases of hazardous substances at the Waste Disposal, Inc. Superfund Site in Santa Fe Springs, California (hereinafter referred to as the "Site".)

C. The Settling Defendants deny any and all legal or equitable liability under any federal, state, or local statute, regulation, or ordinance, or under common law for any response costs, damages or claims caused by or arising out of conditions at or arising from the Site. The Settling Defendants do not admit any liability to the

1  Plaintiffs arising out of the transactions or occurrences alleged in the complaint, nor

2  do they admit liability for any purpose or admit any issues of law or fact or admit any

3  responsibility for the release or threatened release of hazardous substances at or from

4  the Site or that such release constitutes an imminent or substantial endangerment, or

5  an endangerment of any kind or nature whatsoever to the public health or welfare or

6  the environment.

7      D.   In response to a release or a substantial threat of a release of hazardous

8  substances at or from the Site, the United States Environmental Protection Agency

9  ("EPA") commenced, on December 22, 1987, a Remedial Investigation and

10  Feasibility Study ("RI/FS") for the Site pursuant to 40 C.F.R. section 300.430.  EPA

11  completed a Remedial Investigation ("RI") Report in November, 1990 and completed

12  a Feasibility Study ("FS") in 1993.  EPA signed a Record of Decision ("ROD") for

13  the Site in 1993. EPA determined that subsequent investigation and design activities

14  indicated a need to revise the remedy and EPA and Settling Defendants undertook

15  additional RI/FS activities. Settling Defendants completed a Supplemental Feasibility

16  Study ("SFS") Report in May 2001.

17      E.   On June 21, 2002, EPA issued a final Amended Record of Decision

18  (hereinafter referred to as "Amended ROD") constituting EPA's decision on the

19  remedial action to be implemented at the Site.  DTSC has given its concurrence on

20  the Amended ROD.

21      F.   Settling Defendants have conducted remedial design activities at the Site

22  pursuant to Unilateral Administrative Order No.94-17 (hereinafter referred to as

23  "UAO"), issued by EPA to some of the Settling Defendants in 1994, and Amended

24  Unilateral Administrative Order No. 97-09 (hereinafter referred to as "Amended

25  UAO"), issued by EPA to Settling Defendants in 1997.  Settling Defendants have

26  submitted and EPA has approved a Remedial Design Work Plan for the Site.

27

28

G.   DTSC, the state agency responsible for enforcing the HSAA which requires the remediation of releases or threatened releases of hazardous substances, has participated in the investigative and remedial activities at the Site.

H.   EPA and the Settling Defendants executed a consent decree relating to the federal government's response costs for releases or threatened releases of hazardous substances at the Site and certain response actions related thereto.  On March 6, 2003, the Consent Decree was lodged with the United States District Court for the Central District of California in *United States v. Archer Daniels Midland Company, et al.*, Civil Action No. 03-CV-1593 SVW (VBKx) ("EPA Consent Decree"), and entered on August 12, 2003. At present, EPA is the "lead agency" and DTSC is a "support agency" for the Site as those terms are defined in 40 C.F.R. section 300.5.

I.   The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and implementation of this Consent Decree will expedite the cleanup of the Site and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

J.   The objectives of the Parties in entering into this Consent Decree are to protect public health or welfare or the environment at the Site by the performance by the Settling Defendants of the obligations in this Consent Decree related to the Site, to reimburse response costs of the Plaintiffs, and to resolve the claims of the Plaintiffs against Settling Defendants as provided in this Consent Decree.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. <u>JURISDICTION</u>

1.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. sections 1331, CERCLA, 42 U.S.C. section 9601 et seq., and supplemental jurisdiction over the claims arising under the laws of the State of California pursuant

to 28 U.S.C. section 1367. This Court also has personal jurisdiction over the Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaints, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Plaintiffs and Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. **PARTIES BOUND**

2. This Consent Decree applies to and is binding upon the Plaintiffs and upon Settling Defendants and their heirs, successors and assigns. Any change in ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Defendant's responsibilities under this Consent Decree.

### IV. **DEFINITIONS**

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

"Amended Record of Decision" or "Amended ROD" shall mean the EPA Amended Record of Decision relating to the Site, signed on June 21, 2002, by the Regional Administrator, EPA Region IX or his/her delegate, and all attachments thereto.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986), 42 U.S.C. sections 9601, et seq.

"Consent Decree" shall mean this consent decree and all appendices attached hereto.

1  "Day" shall mean a calendar day unless expressly stated to be a working day.

2  "Working day" shall mean a day other than a Saturday, Sunday, or Federal or State

3  holiday.  In computing any period of time under this Consent Decree, where the last

4  day would fall on a Saturday, Sunday, or Federal or State holiday, the period shall run

5  until the close of business of the next working day.

6  "DTSC" shall mean the State of California Department of Toxic Substances

7  Control and any of its successor departments or agencies.

8  "Effective Date" shall be the effective date of this Consent Decree as provided

9  in Section XVIII.

10  "EPA" shall mean the United States Environmental Protection Agency and any

11  of its successor departments or agencies.

12  "EPA Consent Decree" shall mean the Consent Decree in United States v. Archer

13  Daniels, et al., Civil Action No. 03-CV-1593 SVW (VBKx), entered on August 12,

14  2003, by the United States District Court for the Central District of California.  A

15  copy of the EPA Consent Decree is attached hereto as Appendix A.

16  "Existing Contamination" shall mean:

17      a.  any hazardous materials or substances, pollutants, contaminants or solid

18  waste as defined under CERCLA or RCRA existing on or under the Site as of the

19  Effective date of the EPA Consent Decree;

20      b.  any hazardous materials or substances, pollutants, contaminants or solid

21  waste as defined under CERCLA or RCRA within the Site that migrated from the

22  location at which they were initially released into the environment prior to the

23  Effective Date of the EPA Consent Decree; and

24      c.  any hazardous materials or substances, pollutants, contaminants or solid

25  waste as defined under CERCLA or RCRA presently at the Site that migrate from

26  their present locations after the Effective Date of the EPA Consent Decree, except to

27  the extent that such migration is caused or contributed in whole or in part by the

28

1    actions or failures to act of the WDIG Site Trust, its Trustee or the Settling

2    Defendants.

3        "Future Response Costs" shall mean all costs, including, but not limited to, direct

4    and indirect costs, that the Plaintiffs incur after April 1, 2006, in reviewing or

5    developing plans, reports and other items submitted pursuant to this Consent Decree

6    or the EPA Consent Decree, verifying the Work under the EPA Consent Decree or

7    verifying compliance with the obligations under this Consent Decree, or otherwise

8    implementing, overseeing, or enforcing this Consent Decree or the EPA Consent

9    Decree, including, but not limited to, payroll costs, contractor costs, travel costs,

10   laboratory costs, and Oversight costs. "Future Response Costs" shall also mean costs

11   incurred by the Plaintiffs to oversee or to perform any portion of the Work under the

12   EPA Consent Decree or the obligations under this Consent Decree, including

13   monitoring and enforcing the institutional controls described in the Amended ROD

14   for all parcels of property which now or may in the future be part of the Site, and any

15   other costs incurred by the Plaintiffs for monitoring and enforcement of institutional

16   controls described in the Amended ROD.

17       "HSAA" shall mean the California Hazardous Substances Account Act,

18   California Health & Safety Code sections 25300, et seq.

19       "HWCL" shall mean the California Hazardous Waste Control Law, California

20   Health & Safety Code sections 25100, et seq.

21       "Interest," shall mean interest at the rate specified for interest on investments of

22   the Hazardous Substance Account pursuant to Health and Safety Code section

23   25360.1.  The applicable rate of Interest shall be the rate in effect at the time the

24   Interest accrues.

25       "Matters Addressed" shall mean (1) the liability of Settling Defendants, the

26   WDIG Site Trust, and the Trustee for the WDIG Site Trust to the Plaintiffs for any

27   and all response actions and all Response Costs incurred or to be incurred with

28   respect to the Site; and (2) the liability of Settling Defendants, the WDIG Site Trust,

1  and the Trustee for the WDIG Site Trust to the Plaintiffs for Natural Resources

2  Damages with respect to the Site. Matters Addressed in this Consent Decree do not

3  include those costs or actions as to which the Plaintiffs have reserved their rights

4  under this Consent Decree (except for claims for failure to comply with this Consent

5  Decree), in the event that the Plaintiffs assert rights against the Settling Defendants

6  coming within the scope of such reservations.

7      "National Contingency Plan" or "NCP" shall mean the National Oil and

8  Hazardous Substances Pollution Contingency Plan promulgated pursuant to section

9  105 of CERCLA, 42 U.S.C. section 9605, codified at 40 C.F.R. Part 300, and any

10  amendments thereto.

11      "Natural Resources" shall have the meaning provided in section 101(16) of

12  CERCLA, 42 U.S.C. section 9601(16).

13      "Natural Resource Damages" shall mean damages, including the costs of damage

14  assessment, recoverable under section 107 of CERCLA, 42 U.S.C. section 9607.

15      "Oversight" shall mean inspection, review, advice, direction and comments

16  performed or provided by DTSC, its contractors, or its representatives, with respect

17  to any of the following actions taken by Settling Defendants, the WDIG Site Trust,

18  and/or the Trustee for the WDIG Site Trust pursuant to this Consent Decree and/or

19  the EPA Consent Decree:

20          a.   any investigatory, removal or remedial activities;

21          b.   any plan, assessments or reports;

22          c.   the performance of the obligations of the Settling Defendants, the WDIG

23  Site Trust, and the Trustee of WDIG Site Trust in this Consent Decree; and

24          d.   the performance of the Work pursuant to the EPA Consent Decree.

25      Oversight shall also include any actions, including but not limited to, sampling,

26  testing or analysis, taken by DTSC, its contractors or its representatives, that are

27  necessary to verify or ensure the adequacy of any activity undertaken, or proposed to

28  be undertaken, by the Settling Defendants, the WDIG Site Trust, and/or the Trustee

1   for the WDIG Site Trust pursuant to this Consent Decree and/or the EPA Consent

2   Decree.

3       "Owner Settling Defendant" shall mean DiLo, Inc.

4       "Paragraph" shall mean a portion of this Consent Decree identified by an arabic

5   numeral or an upper case letter.

6       "Parties" shall mean the Plaintiffs and the Settling Defendants. "Party" shall

7   mean one of the Plaintiffs or Settling Defendants.

8       "Plaintiffs" shall mean DTSC and the California Toxic Substances Control

9   Account, as established pursuant to California Health and Safety Code section

10   25173.6.

11       "RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C.

12   sections 6901 et seq. (also known as the Resource Conservation and Recovery Act).

13       "Response Costs" shall mean all costs of response recoverable under section

14   107(a) of CERCLA, 42 U.S.C. section 9607(a), and all costs recoverable under

15   section 25360 of the California Health and Safety Code, including, but not limited to,

16   direct and indirect costs, and Oversight costs, incurred or to be incurred by the

17   Plaintiffs in connection with the Site, plus Interest on all such costs which has

18   accrued pursuant to 42 U.S.C. section 9607(a) or Health and Safety Code section

19   25360.

20       "Section" shall mean a portion of this Consent Decree identified by a Roman

21   numeral.

22       "Settling Defendants" shall mean Archer Daniels Midland Company, Atlantic

23   Richfield Company, Atlantic Oil Company, McDonnell Douglas Corporation,

24   Chevron U.S.A. Inc.,Texaco Inc., Conoco Phillips Company, Conopco Inc., DiLo

25   Inc., Air Liquide America L.P., ALA LP LLC, and ALA GP LLC, Exxon Mobil

26   Corporation, ExxonMobil Oil Corporation, Mobil Business Resources Development

27   Corporation, Mobil Oil Exploration & Producing Southeast Inc., Mobil Exploration

28   and Producing North America Inc., Mobil Exploration and Producing Services Inc.,

1  Mobil Exploration & Producing US Inc., Mobil Mining & Minerals Company, The

2  Superior Oil Company, Mobil Pipe Line Company, ExxonMobil Production

3  Company, Ferro Corporation, FMC Techonologies Inc., Halliburton Energy Services,

4  Inc., GlobalSantaFe Corporation, Shell Oil Company, Union Pacific Railroad

5  Company, Union Oil Company of California.

6      "Site" or "WDI Site" shall mean the WDI Superfund Site, located at Los Nietos

7  Road at Greenleaf Avenue in Santa Fe Springs, Los Angeles County, California, and

8  depicted generally on the map attached as Appendix B. The Site is a "facility" as that

9  term is defined by section 101(9) of CERCLA, 42 U.S.C. section 9601(9).

10     "State" shall mean the State of California.

11     "Statement of Work" or "SOW" shall mean the statement of work for

12  implementation of the Remedial Action and Operation and Maintenance at the Site,

13  as set forth in Appendix B to the EPA Consent Decree and any modifications made

14  in accordance with the EPA Consent Decree.

15     "Trustee" shall mean the Trustee of the WDIG Site Trust.

16     "Waste Material(s)" shall mean (1) any "hazardous substance" under section

17  101(14) of CERCLA, 42 U.S.C. section 9601(14); (2) any pollutant or contaminant

18  under section 101(33), 42 U.S.C. section 9601(33); (3) any "solid waste" under

19  section 1004(27) of RCRA, 42 U.S.C. section 6903(27);   (4) any "hazardous

20  substance" under California Health and Safety Code sections 25316 and 25317; and

21  (5) all material identified as waste or sump material in site investigations conducted

22  prior to the Effective Date of the EPA Consent Decree, irrespective of whether it is

23  classified as a hazardous substance, pollutant or contaminant, or solid waste under the

24  above statutes.

25     "WDIG" shall mean the Waste Disposal, Inc. Group, consisting of the Settling

26  Defendants.

27     "WDIG Site Trust" or "Trust" shall mean the trust previously established by the

28  Settling Defendants pursuant to the EPA Consent Decree.

CONSENT DECREE                    9

## V. <u>OBLIGATIONS OF SETTLING DEFENDANTS AND TRUST</u>

4.   The obligations of Settling Defendants under this Consent Decree are joint and several.   In the event of the insolvency or other failure of any one or more Settling Defendants to implement the requirements of this Consent Decree, the remaining Settling Defendants shall complete all such requirements.   Settling Defendants shall be responsible jointly and severally for any failure by the WDIG Site Trust or the Trustee to comply with the applicable requirements in this Consent Decree. Failure by the WDIG Site Trust or the Trustee to comply with any applicable terms of this Consent Decree shall be deemed noncompliance by the Settling Defendants.

5.   <u>Compliance with EPA Consent Decree</u>. Settling Defendants, the WDIG Site Trust, and the Trustee shall comply with the requirements and obligations imposed upon them in the EPA Consent Decree, and any amendments thereto.

6.   Any determination by the Plaintiffs of  failure to comply with Paragraph 5 of this Consent Decree shall be conditioned upon issuance by EPA of a written statement that Settling Defendants, the WDIG Site Trust and/or the Trustee have violated the EPA Consent Decree.  Subject to Section XI (Covenants Not to Sue by Plaintiffs) of this Consent Decree, nothing in this paragraph shall limit or restrict the Plaintiffs' ability to take or require action under federal or state laws to protect human health or safety of the environment.

7.   <u>Notice and Submittals to Plaintiffs.</u>  After the Effective Date of this Consent Decree, the Settling Defendants, the Owner Settling Defendant, the WDIG Site Trust or the Trustee, as applicable, shall concurrently provide DTSC with copies of all notices and submittals required to be submitted to EPA pursuant to the EPA Consent Decree.  Notices and submittals to be provided to Plaintiffs, include but are not limited to submittals required pursuant to the following paragraphs of the EPA Consent Decree:

1       a.   Notice to Successors in Title.  (EPA Consent Decree, Section V, ¶s 9a,

2  9b, 9c);

3       b.   Performance of Work by Settling Defendants.  (EPA Consent Decree,

4  Section VI, ¶s 10a, 11a, 11c, 15a and 15b);

5       c.   Remedy Review.  (EPA Consent Decree, Section VII, ¶s 16, 18, 20);

6       d.   Quality Assurance, Sampling and Data Analysis. (EPA Consent Decree,

7  Section VIII, ¶s 21, 23);

8       e.   Access and Institutional Controls.  (EPA Consent Decree, Section IX,

9  ¶s 25b(13) and (22), 25c, 26a, 26c, 27, 28);

10      f.   WDIG Site Trust. (EPA Consent Decree, Section X, ¶s 31, 34e, 35a, 36,

11  40, 40a);

12      g.   Reporting Requirements. (EPA Consent Decree, Section XI, ¶s 41-46);

13      h.   EPA Approval of Plans. (EPA Consent Decree, Section XII, ¶ 50);

14      i.   Project Coordinators.  (EPA Consent Decree, Section XIII, ¶ 54);

15      j.   Assurance of Ability to Complete Work. (EPA Consent Decree, Section

16  XIV, ¶s 56, 57, 58, and 60);

17      k.   Certification of Completion. (EPA Consent Decree, Section XV, ¶s 61a,

18  62a and 62b);

19      l.   Emergency Response.  (EPA Consent Decree, Section XVI, ¶ 63);

20      m.  Indemnification and Insurance. ( EPA Consent Decree, Section XIX, ¶

21  77);

22      n.   Force Majeure.  (EPA Consent Decree, Section XX, ¶ 79);

23      o.   Effect of Settlement, Contribution Protection.  (EPA Consent Decree,

24  Section XXV, ¶ 114);

25      p.   Retention of Records. (EPA Consent Decree, Section XXVII, ¶ 121);

26      q.   Modification.  (EPA Consent Decree, Section XXXIV, ¶ 129, 130).

27    8.  <u>Review and Comment</u>.   After the Effective Date of this Consent Decree,

28  Settling Defendants shall use their best efforts to provide Plaintiffs with an

opportunity for review and comment prior to any decision by EPA under the EPA Consent Decree, including but not limited to the following decisions:

a.   EPA decision on work plans, standards, specifications, and schedules required under EPA Consent Decree. (EPA Consent Decree, Section V, ¶ 6a);

b.   EPA written consent that conveyance of interest in property releases or otherwise affects  liability of Settling Defendants or the WDIG Site Trust. (EPA Consent Decree, Section V, ¶ 9d);

c.   EPA decision on Supervising Contractor. (EPA Consent Decree, Section VI, ¶ 10a);

d.   EPA decision on Remedial Action Work Plan, and design plans and specifications. (EPA Consent Decree, Section VI, ¶ 11a);

e.   EPA decision on all plans, submittals or other deliverables required by the approved Remedial Action Work Plan. (EPA Consent Decree, Section VI, ¶ 11c);

f.   EPA determination that modification of SOW is necessary.  (EPA Consent Decree, Section VI, ¶ 13a);

g.   EPA requests for studies and investigations.  (EPA Consent Decree, Section VII, ¶ 16);

h.   EPA determination that further response actions are required.  (EPA Consent Decree, Section VII, ¶ 17);

i.   EPA decision on work plans for further response actions. (EPA Consent Decree, Section VII, ¶ 20);

j.   EPA decision on QAPP and other analytical methods.  (EPA Consent Decree, Section VIII, ¶ 21);

k.   EPA decision on exceptions or modifications to the land/water use restrictions.  (EPA Consent Decree, Section IX, ¶ 25(b) and (c), ¶ 29);

l.   EPA decision on title documents and subordination of encumberances. (EPA Consent Decree, Section IX, ¶ 26a);

m.   EPA approval and/or modification of the Environmental Restriction Covenant ("ERC").  (EPA Consent Decree,  Section IX, ¶s 26a and b; Appendix E);

n.   Modification of WDIG Site Trust Agreement.  (EPA Consent Decree, Section X, ¶s 31, 40; Appendix F);

o.   EPA decision approving transfer of Trust Real Property or the terms and conditions of the conveyance of Trust Real Property.  (EPA Consent Decree, Section X, ¶s 34e and 35c);

p.   EPA decision to change the Trustee.  (EPA Consent Decree, Section X, ¶ 37);

q.   EPA decision on the transfer of property interests in possession of WDIG Site Trust.  (EPA Consent Decree, Section X, ¶ 40a and b);

r.   EPA decision on any plan, report or other item required pursuant to EPA Consent Decree.  (EPA Consent Decree, Section XII, ¶ 48);

s.   EPA decision on approval of Project Coordinator.  (EPA Consent Decree, Section XIII, ¶ 54);

t.   EPA decision on financial security and change of financial assurance, reduction of financial security.  (EPA Consent Decree, Section XIV, ¶s 56, 57, 58, 60);

u.   EPA determination regarding certification of completion.  (EPA Consent Decree, Section XV, ¶s 61 and 62);

v.   EPA determination regarding extension for force majeure event.  (EPA Consent Decree, Section XX, ¶ 80);

w.   Modifications or amendments to the Schedules for completion of the Work in the EPA Consent Decree and other modifications or amendments to the Consent Decree. (EPA Consent Decree, Section XXXIV, ¶ 129);

x.   Modifications to the Statement of Work. (EPA Consent Decree, Section XXXIV, ¶ 130).

9.   For purposes of Paragraph 8 of this Consent Decree, "best efforts" by the Settling Defendants shall be of the following nature: (i) Settling Defendants' actions consistent with the Interagency Committee protocols provided for in section 4.2 and 4.3 of the Statement of Work, Appendix B of the EPA Consent Decree; (ii) Settling Defendants' written request that EPA provide Plaintiffs a reasonable opportunity to review and comment on any EPA decision related to Paragraph 8 (a) - (x); and (iii) Settling Defendants' participation in meetings or teleconferences between Plaintiffs and EPA to discuss issues regarding the Plaintiffs' review and comment.  Settling Defendants agree not to interfere or obstruct the Plaintiffs' opportunity to review and comment on any EPA decision related to Paragraph 8 (a) - (x).  The Settling Defendants' "best efforts" shall include providing notices and submittals to DTSC and EPA in a manner that allows DTSC a reasonable opportunity to review and comment without delaying any EPA-approved schedule for completion of the Work required under the EPA Consent Decree.

10.   Amendment or Modification of the Environmental Restrictive Covenant. Except with the prior written approval of DTSC, the Settling Defendants agree not to modify or amend an ERC pursuant to paragraphs 26, 27, or 40 of the EPA Consent Decree, to remove DTSC as a third party beneficiary of an ERC.

11.   Access.   Settling Defendants shall provide DTSC with the same rights to access and information that are provided to EPA under the EPA Consent Decree, including but not limited to the following:

a.   Right to take split or duplicate samples, or additional samples.  (EPA Consent Decree, Section VIII, ¶ 22);

b.   Access to laboratories utilized by Settling Defendants.  (EPA Consent Decree, Section VIII, ¶ 21);

c.   Access to Site.  (EPA Consent Decree, Section IX; Section X, ¶ 34c);

d.   Right to attend pre-certification meetings.  (EPA Consent Decree, Section XV, ¶s 61a and 62a);

e.   Access to documents and information related to the Work.  (EPA Consent Decree, Section XXVI, ¶ 117);

f.   Right to obtain records or documents to be destroyed.  (EPA Consent Decree, Section XXVII, ¶ 121).

12. <u>Entry and Inspection.</u> Settling Defendants shall not impede or restrict DTSC and its authorized representatives from entering and moving safely about all property at the Site at all reasonable times for purposes of ensuring compliance with this Consent Decree and/or the EPA Consent Decree, including, but not limited to: inspecting records, operating logs, sampling and analytic data, and contracts relating to this Site; reviewing the progress of the Settling Defendants in carrying out the terms of this Consent Decree and/or the EPA Consent Decree; conducting such tests as DTSC may deem necessary; and verifying the data submitted to DTSC by the Settling Defendants. Nothing in this Consent Decree is intended or shall be construed to limit in any way the right of entry or inspection that DTSC or any other agency may otherwise have by operation of any law.

## VI.  **PAYMENTS FOR RESPONSE COSTS**

13. <u>Payments for Past Response Costs.</u>  Within forty-five (45) days of the Effective Date, Settling Defendants shall pay to Plaintiffs: $238,000 in payment for the Plaintiffs' Response Costs incurred prior to April 1, 2006.

14.   Payments made pursuant to this Consent Decree shall be in the form of a certified or cashier's check made payable to The Department of Toxic Substances Control, bearing on its face the WDI Site, Project Code 300166, in reimbursement of Response Costs.  The Settling Defendants shall send the certified or cashier's check(s) to:

Department of Toxic Substances Control
Accounting/Cashier
1001 I Street, 21st Floor
P.O. Box 806
Sacramento, CA 95812-0806

1   At the time of payment, Settling Defendants shall send notice that payment has been

2   made to DTSC in accordance with Section XVI (Notices and Submissions).

3      15. Payments for Future Response Costs.

4          a.   Settling Defendants shall reimburse the Plaintiffs for all Future Response

5   Costs not inconsistent with the NCP.  On a quarterly basis, DTSC will send Settling

6   Defendants a bill requiring payment that includes a Summary by Activity ("SBA")

7   Report which will provide an accounting of such costs being billed.   Settling

8   Defendants shall make all payments within forty-five (45) days of Settling

9   Defendants' receipt of each bill requiring payment, except as otherwise provided in

10  Paragraph 15(b).  The Settling Defendants shall make all payments to the Plaintiffs

11  required by this Paragraph in the manner described in Paragraph 14.   Upon request

12  by the Settling Defendants, the Plaintiffs shall provide the Settling Defendants with

13  documentation supporting an SBA issued pursuant to this Paragraph.

14         b.   Settling Defendants may contest payment of any Future Response Costs

15  billed pursuant to Paragraph 15(a), if they determine that DTSC has made an

16  accounting error or if they allege that a cost item that is included represents a cost that

17  is inconsistent with the NCP.  Such objection shall be made in writing to DTSC

18  within forty-five (45) days of receipt of the bill.  Any such objection shall specifically

19  identify the contested Future Response Costs and the basis for objection.  In the event

20  of an objection, the Settling Defendants shall within the forty-five (45) day period pay

21  all uncontested Future Response Costs to the Plaintiffs in the manner described in

22  Paragraph 14.  Simultaneously, the Settling Defendants shall establish an interest-

23  bearing escrow account in a federally-insured bank duly chartered in the State of

24  California and remit to that escrow account funds equivalent to the amount of the

25  contested Future Response Costs.  The Settling Defendants shall send to DTSC a

26  copy of the transmittal letter and check paying the uncontested Future Response

27  Costs, and a copy of the correspondence that establishes and funds the escrow

28  account, including, but not limited to, information containing the identity of the bank

CONSENT DECREE                          16

and bank account under which the escrow account is established as well as a bank statement showing the initial balance of the escrow account. Simultaneously with establishment of the escrow account, the Settling Defendants shall initiate the Dispute Resolution procedures in Section IX (Dispute Resolution). If the Plaintiffs prevail in the dispute, then within fifteen (15) days of the resolution of the dispute, the Settling Defendants shall pay the sums due (with accrued Interest) to the Plaintiffs in the manner described in Paragraph 14. If the Settling Defendants prevail concerning any aspect of the contested costs, the Settling Defendants shall pay that portion of the costs (plus associated accrued Interest) for which they did not prevail to the Plaintiffs in the manner described in Paragraph 14; and Settling Defendants shall be disbursed any balance of the escrow account. The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section IX (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding the Settling Defendants' obligation to reimburse the Plaintiffs for the Future Response Costs.

16. In the event that the payments are not made as required by this Section VI, Settling Defendants shall pay Interest on the unpaid balance. The Interest on past Response Costs owed pursuant to Paragraph 13 shall begin to accrue on the Effective Date. The Interest on Future Response Costs owed pursuant to Paragraph 15(a) shall begin to accrue forty-five (45) days after the date of the bill. The Interest shall accrue through the date of the Settling Defendants' payment. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiffs by virtue of Settling Defendants' failure to make timely payments under this Section including, but not limited to, payment of stipulated penalties pursuant to Section X (Stipulated Penalties). The Settling Defendants shall make all payments required by this Paragraph in the manner described in Paragraph 14.

# VII.  **INDEMNIFICATION AND INSURANCE**

13.  <u>Settling Defendants' Indemnification of the Plaintiffs.</u>

a.   Settling Defendants shall indemnify, save and hold harmless the Plaintiffs, and their officials, agents, employees, contractors, subcontractors, or representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree. Further, the Settling Defendants agree to pay the Plaintiffs all costs they incur including, but not limited to, attorneys fees and other expenses of litigation and settlement arising from, or on account of, claims made against the Plaintiffs based on negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree.  This indemnification does not extend to that portion of any such claim or cause of action attributable to the negligent, wanton, or willful acts or omissions of the Plaintiffs, or their contractors or subcontractors. The Plaintiffs shall not be held out as a party to any contract entered into by or on behalf of Settling Defendants in carrying out activities pursuant to this Consent Decree, except to the extent that the Plaintiffs shall be intended third party beneficiaries of the Environmental Restriction Covenants for the Site.  Neither the Settling Defendants nor any such contractor shall be considered an agent of the Plaintiffs.

b.   The Plaintiffs shall give Settling Defendants notice of any claim for which the Plaintiffs plan to seek indemnification pursuant to Paragraph 17(a) within thirty (30) days of receiving notice that such a claim or action has been filed, and shall consult with Settling Defendants prior to settling such claim.  Nothing in this Section shall limit any rights the Settling Defendants may have to seek intervention pursuant to section 113(i) of CERCLA, 42 U.S.C. § 9613(i), Rule 24 of the Federal

1    Rules of Civil Procedure, and California Code of Civil Procedure section 387. Any

2    failure of the Plaintiffs to provide notice of any claim to Settling Defendants within

3    thirty (30) days of receiving notice that such a claim or action has been filed shall not

4    affect Settling Defendants' obligations under this Section to indemnify the Plaintiffs.

5        18. Settling Defendants waive all claims against the Plaintiffs for damages or

6    reimbursement or for off-set of any payments made or to be made to the Plaintiffs,

7    arising from or on account of any contract, agreement, or arrangement between any

8    one or more of Settling Defendants and any person for performance of Work under

9    the EPA Consent Decree or obligations under this Consent Decree on or relating to

10   the Site, including, but not limited to, claims on account of construction delays. In

11   addition, Settling Defendants shall indemnify and hold harmless the Plaintiffs with

12   respect to any and all claims for damages or reimbursement arising from or on

13   account of any contract, agreement, or arrangement between any one or more of

14   Settling Defendants and any person for performance of  the Work under the EPA

15   Consent Decree or obligations under this Consent Decree on or relating to the Site,

16   including, but not limited to, claims on account of construction delays.

17                              **VIII.  FORCE MAJEURE**

18       19. "Force Majeure," for purposes of this Consent Decree, is defined as any

19   event arising from causes beyond the control of the Settling Defendants, of any entity

20   controlled by Settling Defendants, or of Settling Defendants' contractors, that delays

21   or prevents the performance of any obligation under this Consent Decree despite

22   Settling Defendants' best efforts to fulfill the obligation. The requirement that the

23   Settling Defendants exercise "best efforts to fulfill the obligation" includes using best

24   efforts to anticipate any potential force majeure event and best efforts to address the

25   effects of any potential force majeure event (1) as it is occurring and (2) following the

26   potential force majeure event, such that the delay is minimized to the greatest extent

27   possible. "Force Majeure" does not include financial inability to complete the Work

28   or a failure to attain the Performance Standards.

20. <u>Notification of Force Majeure Event</u>.

a.   Except as provided in Paragraph 20(b), if any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, the Settling Defendants shall notify orally DTSC within five (5) days of when Settling Defendants first knew that the event might cause a delay. Within five (5) days thereafter, Settling Defendants shall provide in writing to DTSC an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; the Settling Defendants' rationale for attributing such delay to a force majeure event if they intend to assert such a claim; and a statement as to whether, in the opinion of the Settling Defendants, such event may cause or contribute to an endangerment to public health, welfare or the environment. The Settling Defendants shall include with any notice all available documentation supporting their claim that the delay was attributable to a force majeure event. Failure to comply with the above requirements shall preclude Settling Defendants from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Settling Defendants shall be deemed to know of any circumstance of which Settling Defendants or Settling Defendants' contractors knew or should have known.

b.   With respect to any obligations under Paragraph 5 (Compliance with EPA Consent Decree) of this Consent Decree, the Settling Defendants, the WDIG Site Trust and/or the Trustee shall comply with the provision of Section XX (Force Majeure) of the EPA Consent Decree and the provisions of Paragraphs 8 and 9 of this Consent Decree regarding such events.

21. If DTSC agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by DTSC for such time

1  as is necessary to complete those obligations. An extension of the time for

2  performance of the obligations affected by the force majeure event shall not, of itself,

3  extend the time for performance of any other obligation. If DTSC does not agree that

4  the delay or anticipated delay has been or will be caused by a force majeure event,

5  DTSC will notify the Settling Defendants in writing of its decision. If DTSC agrees

6  that the delay is attributable to a force majeure event, DTSC will notify the Settling

7  Defendants in writing of the length of the extension, if any, for performance of the

8  obligations affected by the force majeure event.

9      22. If the Settling Defendants elect to invoke the dispute resolution procedures

10  set forth in Section IX (Dispute Resolution), they shall do so no later than fifteen (15)

11  days after receipt of DTSC's notice. In any such proceeding, Settling Defendants

12  shall have the burden of demonstrating by a preponderance of the evidence that the

13  delay or anticipated delay has been or will be caused by a force majeure event, that

14  the duration of the delay or the extension sought was or will be warranted under the

15  circumstances, that best efforts were exercised to avoid and mitigate the effects of the

16  delay, and that Settling Defendants complied with the requirements of Paragraphs 20

17  and 21 above. If Settling Defendants carry this burden, the delay at issue shall be

18  deemed not to be a violation by Settling Defendants of the affected obligation of this

19  Consent Decree identified to DTSC and the Court.

20                    **IX DISPUTE RESOLUTION**

21      23. Unless otherwise expressly provided for in this Consent Decree, the dispute

22  resolution procedures of this Section shall be the exclusive mechanism to resolve

23  disputes arising under or with respect to this Consent Decree. However, the

24  procedures set forth in this Section shall not apply to actions by the Plaintiffs to

25  enforce obligations of the Settling Defendants that have not been disputed in

26  accordance with this Section.

27      24. Any dispute which arises under or with respect to this Consent Decree shall

28  in the first instance be the subject of informal negotiations between the parties to the

1 | dispute. The period for informal negotiations shall not exceed twenty (20) days from

2 | the time the dispute arises, unless it is modified by written agreement of the parties

3 | to the dispute. The dispute shall be considered to have arisen when one Party sends

4 | the other Parties a written Notice of Dispute.

5 |     25. <u>Statements of Position.</u>  In the event that the parties cannot resolve a dispute

6 | by informal negotiations under Paragraph 24, then the position advanced by DTSC

7 | shall be considered binding unless, within ten (10) days after the conclusion of the

8 | informal negotiation period, Settling Defendants serve on DTSC a written Statement

9 | of Position on the matter in dispute, including, but not limited to, any factual data,

10 | analysis or opinion supporting that position and any supporting documentation relied

11 | upon by the Settling Defendants.   Within twenty-one (21) days after receipt of

12 | Settling Defendants' Statement of Position, DTSC will serve on Settling Defendants

13 | its Statement of Position, including, but not limited to, any factual data, analysis, or

14 | opinion supporting that position and all supporting documentation relied upon by

15 | DTSC.  Within ten (10) days after receipt of DTSC's Statement of Position, Settling

16 | Defendants may submit a Reply.

17 |     26. <u>Administrative Record.</u>  An administrative record of the dispute shall be

18 | maintained by DTSC and shall contain all statements of position, including

19 | supporting documentation, submitted pursuant to this Section.  Where appropriate,

20 | DTSC may allow submission of supplemental statements of position by the parties

21 | to the dispute.

22 |     27. <u>Administrative Decision.</u>  The DTSC Director or his or her designee shall

23 | issue a final administrative decision resolving the dispute that shall be based on the

24 | administrative record compiled pursuant to Paragraph 26.  The decision shall be

25 | binding upon the Settling Defendants, subject only to the right of the Settling

26 | Defendants to seek judicial review pursuant to Paragraph 28.

27 |     28. <u>Judicial Review.</u>  Any administrative decision made by DTSC pursuant to

28 | Paragraph 27 shall be reviewable by this Court, provided that a motion for judicial

1 review of the decision is filed by the Settling Defendants with the Court and served

2 on all Parties within ten (10) days of receipt of DTSC's decision. The motion shall

3 include a description of the matter in dispute, the efforts made by the parties to

4 resolve it, the relief requested, and the schedule, if any, within which the dispute must

5 be resolved to ensure orderly implementation of this Consent Decree. DTSC may file

6 a response to Settling Defendants' motion. In proceedings on any dispute that is

7 accorded review on the administrative record under applicable principles of law,

8 Settling Defendants shall have the burden of demonstrating that DTSC's decision is

9 arbitrary and capricious or otherwise not in accordance with law. In the event that a

10 dispute is accorded review on the administrative record under applicable principles

11 of law, judicial review of DTSC's decision shall be on the administrative record

12 compiled pursuant to Paragraph 26.

13     29. The invocation of dispute resolution procedures under this Section shall not

14 extend, postpone or affect in any way any obligation of the Settling Defendants under

15 this Consent Decree, not directly in dispute, unless DTSC or the Court agrees

16 otherwise.

17     30. Stipulated penalties with respect to the disputed matter shall continue to

18 accrue but payment shall be stayed pending resolution of the dispute as provided in

19 Paragraphs 27 and 28. Notwithstanding the stay of payment, stipulated penalties shall

20 accrue from the first day of noncompliance with any applicable provision of this

21 Consent Decree. In the event that the Settling Defendants do not prevail on the

22 disputed issue, stipulated penalties shall be assessed and paid as provided in Section

23 X (Stipulated Penalties).

## X. **STIPULATED PENALTIES**

25     31. Liability for Stipulated Penalties.

26     a. Except as provided in Paragraph 31(b), Settling Defendants shall be

27 liable to DTSC for stipulated penalties in the amounts set forth in Paragraph 32 for

28 failure to comply with the requirements of this Consent Decree, unless excused under

Section VIII (Force Majeure). The Settling Defendants are jointly and severally liable for payment of the assessed stipulated penalties. The stipulated penalties and amounts thereof shall not be assessed to each Settling Defendant individually on a multiple basis for the same violation.

b.   DTSC shall not seek stipulated penalties for violations of Paragraph 5 (Compliance with EPA Consent Decree) of this Consent Decree, unless the conditions of Paragraph 6 of this Consent Decree have been met. DTSC shall not seek stipulated penalties for any violations for which EPA has received payment of stipulated penalties pursuant to the EPA Consent Decree.

32. The following stipulated penalties shall accrue per violation per day for any noncompliance with the requirements of this Consent Decree:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $2,000 | 1st through 30th day |
| $10,000 | 31st day and beyond |

33. <u>Accrual of Stipulated Penalties.</u>

a.   Except as provided in Paragraph 33(b), all stipulated penalties shall begin to accrue on the day after the complete and adequate performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

b.   Stipulated penalties owed to DTSC for violations of Paragraph 5 (Compliance with EPA Consent Decree) of this Consent Decree shall begin to accrue on the date that EPA or DTSC issues a written statement that Settling Defendants have violated the EPA Consent Decree, and shall continue to accrue as provided in Paragraph 93 of the EPA Consent Decree.

34. Following DTSC's determination that Settling Defendants have failed to comply with a requirement of this Consent Decree, DTSC may give Settling

1 Defendants written notification of the same and describe the noncompliance. If
2 DTSC has determined that Settling Defendants have failed to comply with a
3 requirement of this Consent Decree, DTSC may send the Settling Defendants a
4 written demand for the payment of stipulated penalties. However, penalties shall
5 accrue as provided in Paragraph 33, regardless of whether DTSC has notified the
6 Settling Defendants of a violation.

7       35. All penalties accruing under this Section shall be due and payable as follows:

8       a.  Settling Defendants shall pay stipulated penalties to the DTSC within
9 forty-five (45) days of the Settling Defendants' receipt from DTSC of a demand for
10 payment of the penalties, unless Settling Defendants invoke the Dispute Resolution
11 procedures under Section IX (Dispute Resolution). All payments to DTSC under this
12 Section shall be paid by certified or cashier's check made payable to "Department of
13 Toxic Substances Control," and bearing on its face the DTSC project code (300166),
14 that the payment is for stipulated penalties, and the name and address of the Party
15 making payment. Payments shall be sent to:

16
17 Department of Toxic Substances Control
   Accounting/Cashier
   1001 I Street, 21st Floor
18 P.O. Box 806
   Sacramento, CA 95812-0806
19

20 Copies of check(s) paid pursuant to this Section, and any accompanying transmittal
21 letter(s), shall be sent to the Plaintiffs as provided in Section XVI (Notices and
22 Submissions).

23      36. The payment of penalties shall not alter in any way Settling Defendants'
24 obligations under this Consent Decree.

25      37. Penalties shall continue to accrue as provided in Paragraph 33 during any
26 dispute resolution period, but need not be paid until the following:

27      a.  If the dispute is resolved by agreement or by a decision of DTSC that is
28 not appealed to this Court, accrued penalties determined to be owing shall be paid to

1 DTSC within fifteen (15) days of the agreement or the receipt of DTSC's decision or

2 order;

3      b.   If the dispute is appealed to this Court and the Plaintiffs prevail in whole

4 or in part, Settling Defendants shall pay all accrued penalties determined by the Court

5 to be owed to DTSC within sixty (60) days of receipt of the Court's decision or order,

6 except as provided in Paragraph 37(c);

7      c.   If the District Court's decision is appealed by any Party, Settling

8 Defendants shall pay all accrued penalties determined by the District Court to be

9 owing to DTSC into an interest-bearing escrow account within sixty (60) days of

10 receipt of the Court's decision or order.  Penalties shall be paid into this account as

11 they continue to accrue, at least every sixty (60) days.  Within fifteen (15) days of

12 receipt of the final appellate court decision, the escrow agent shall pay the balance of

13 the account to DTSC or to Settling Defendants to the extent that they prevail.

14    38. If Settling Defendants fail to pay stipulated penalties when due, DTSC may

15 institute proceedings to collect the penalties, as well as Interest.  Settling Defendants

16 shall pay Interest on the unpaid balance, which shall begin to accrue on the date of

17 demand made pursuant to Paragraph 34.

18    39. Nothing in this Consent Decree shall be construed as prohibiting, altering,

19 or in any way limiting the ability of the Plaintiffs to seek any other remedies or

20 sanctions available by virtue of Settling Defendants' violation of this Decree or of the

21 statutes and regulations upon which it is based, including, but not limited to, penalties

22 pursuant to the HWCL or HSAA, provided, however, that the Plaintiffs shall not seek

23 civil penalties pursuant to Health and Safety Code section 25359.2, and/or Health and

24 Safety Code section 25189, for any violation for which a stipulated penalty is

25 demanded by DTSC and paid pursuant to this Section, except in the case of a willful

26 or intentional violation of the Consent Decree.

27    40. Notwithstanding any other provision of this Section, DTSC may, in its

28 unreviewable discretion, waive any portion of its respective stipulated penalties that

1  have accrued pursuant to this Consent Decree and nothing in this Consent Decree

2  precludes the Court in its order resolving a dispute under Section IX (Dispute

3  Resolution) from specifically relieving the Settling Defendants of the obligation to

4  pay stipulated penalties, or any portion thereof, assessed by DTSC and accruing to

5  DTSC, related to the dispute.

6  ## XI. <u>COVENANTS NOT TO SUE BY PLAINTIFFS</u>

7  41. In consideration of the actions that will be performed and payments that will

8  be made by the Settling Defendants, the WDIG Site Trust, and/or the Trustee under

9  the terms of the Consent Decree, and except as specifically provided in Paragraphs

10  42, 44, 45, and 47 (Reservation of Rights), the Plaintiffs covenant not to sue or to

11  take civil or administrative action against Settling Defendants, the WDIG Site Trust

12  and the Trustee to compel response actions or recover Response Costs relating to the

13  Site pursuant to section 107(a) and (f) of CERCLA, 42 U.S.C. sections 9607(a) and

14  (f); section 7002 of RCRA, 42 U.S.C. section 6972; or sections 25187, 25355.5,

15  25358.3, and 25360 of the California Health and Safety Code. Except with respect

16  to future liability, these covenants not to sue shall take effect upon the receipt by the

17  Plaintiffs of the payments required by Section VI (Payments for Response Costs).

18  With respect to future liability, these covenants not to sue shall take effect upon

19  termination of the Consent Decree pursuant to Section XVII (Termination and

20  Satisfaction) of this Consent Decree. These covenants not to sue are conditioned

21  upon the satisfactory performance by Settling Defendants, the WDIG Site Trust, and

22  the Trustee of their obligations under this Consent Decree. These covenants not to

23  sue extend only to the Settling Defendants, the WDIG Site Trust, and the Trustee, and

24  do not extend to any other person. These covenants shall have no effect with respect

25  to any liability the Trustee for the WDIG Site Trust may have with respect to the Site

26  other than that solely due to his, her or its status as the Trustee for the WDIG Site

27  Trust. The Plaintiffs agree that except for the WDIG Site Trust and the Trustee for

28  the WDIG Site Trust, the Settling Defendants are not, and will not be, considered the

1    owners or operators of the WDI Site or any portion thereof under Section 107(a)(1)

2    and (2) of CERCLA, 42 U.S.C. section 9607(a)(1) and (2), or section 25323.5 of the

3    California Health and Safety Code, solely on account of the WDIG Site Trust's

4    ownership and disposition of the WDI Site properties or any portion thereof or

5    improvements thereon, in accordance with the EPA Consent Decree.

6        42.    Plaintiffs' Reservations for Unknown Information/Conditions.

7    Notwithstanding any other provision of this Consent Decree, subject to federal

8    preemption law, the Plaintiffs reserve, and this Consent Decree is without prejudice

9    to, the right to institute proceedings in this action or in a new action, or to issue an

10   administrative order seeking to compel Settling Defendants, the WDIG Site Trust,

11   and/or the Trustee (except for the WDIG Site Trust and Trustee only with respect to

12   Existing Contamination;  DTSC may pursue the WDIG Site Trust or Trustee under

13   this paragraph to the extent that the Trustee or the WDIG Site Trust exacerbated,

14   moved, transported, treated, and/or disposed of the Existing Contamination, except

15   as authorized by EPA and/or DTSC):

16        a.    to perform response actions not inconsistent with the NCP relating to the

17   Site, or

18        b.    to reimburse the Plaintiffs for additional costs of response, or

19        c.    to reimburse the Plaintiffs for Natural Resources Damages, if:

20            (1)  conditions at the Site, previously unknown to DTSC, are discovered,

21   or

22            (2)  information, previously unknown to DTSC, is received, in whole or

23   in part, and DTSC determines that these previously unknown conditions or

24   information together with any other relevant information indicates that a) response

25   actions and/or corrective actions are necessary to protect human health or the

26   environment; or b) with respect to Natural Resources Damages, the damages to

27   Natural Resources resulting from the contamination of the Site are significantly

28   greater than those previously known to DTSC.

43. For purposes of Paragraph 42, the information and the conditions known to DTSC shall include only that information and those conditions known to DTSC as of Effective Date of this Consent Decree.

44. <u>Plaintiffs' General Reservations of Rights.</u> The Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants, the WDIG Site Trust, and the Trustee with respect to all matters not expressly included within the Plaintiffs' covenants not to sue. Except as expressly provided in Paragraph 41, nothing in this Consent Decree is intended, nor shall it be construed, to preclude the Plaintiffs or any other state agency, department board or entity, including other natural resource trustees, from exercising its authority under any law, statute or regulation, including recovery of Natural Resource Damages. Notwithstanding any other provision of this Consent Decree, the Plaintiffs reserve all rights against Settling Defendants, WDIG Site Trust, and the Trustee with respect to:

a. claims based on a failure by Settling Defendants, the WDIG Site Trust, and/or the Trustee to meet a requirement of this Consent Decree;

b. liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site, not within the definition of Existing Contamination;

c. liability based upon any of the Settling Defendants' future ownership or operation of the Site or any portion thereof;

d. future liability based upon any of the Settling Defendants', the Trustee's or the WDI Site Trust's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, other than as authorized by DTSC and/or EPA;

e. criminal liability;

f. liability for violations of federal or state law which occur during or after implementation of the Work under the EPA Consent Decree.

CONSENT DECREE                                      29

45.     In the event that pursuant to paragraphs 102 and 103 of the EPA Consent Decree, EPA determines that previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment, DTSC reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants to reimburse DTSC for additional costs of response.

46.  This Consent Decree does not waive any rights or authority EPA may have with respect to the Site, including, but not limited to, EPA's right to claim that DTSC actions taken pursuant to this Consent Decree are in conflict with CERCLA or other federal law, or would interfere with the remedy selected by EPA, would stand as an obstacle to the purpose or objectives of CERCLA, or are otherwise preempted by law.

47.  <u>Future Response/Corrective Actions.</u>  Except as expressly provided in Paragraph 41 of this Consent Decree, and subject to federal preemption law, the Plaintiffs retain all authority and reserve all rights to take or require Settling Defendants to perform any and all response actions authorized by law.  Except as expressly provided in Paragraph 41 of this Consent Decree, and subject to federal preemption law, nothing in this Consent Decree shall be construed to limit Plaintiffs' authority to take or to require performance of further response actions and/or corrective actions at the Site.

## XII.  COVENANTS BY SETTLING DEFENDANTS

48.  <u>Settling Defendants' Covenants Not to Sue.</u>  Subject to the reservations in Paragraph 49, the Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the Plaintiffs with respect to the Site or this Consent Decree, including, but not limited to:

a.     any direct or indirect claim for reimbursement from the Hazardous Substance Account;

1      b.   any claims against the Plaintiffs under CERCLA section 107 or 113,

2    RCRA section 7002, the HSAA, or the HWCL related to the Site; or

3      c.   any claims arising out of response activities at the Site, including claims

4    based on the selection of response actions, oversight of response activities or review

5    or approval of plans for such activities.

6      49.  <u>Settling Defendants' Reservations of Rights.</u>

7      a.   In the event that the Plaintiffs institute proceedings pursuant to the

8    provisions of Paragraphs 42, 44, 45, or 47 of this Consent Decree against Settling

9    Defendants, the WDIG Site Trust or the Trustee, including but not limited to,

10   initiating a new action or issuing an administrative order seeking to compel Settling

11   Defendants, WDIG Site Trust, and/or the Trustee to perform response actions and/or

12   corrective actions relating to the Site; to reimburse Plaintiffs for Response Costs,

13   corrective action costs, or Natural Resources Damages, and except as provided in

14   Paragraph 54, the Settling Defendants, the WDIG Site Trust, and its Trustee shall

15   preserve all defenses, both statutory and at common law (whether in law or in equity),

16   to any such proceeding, including but not limited to, that the response demanded (i)

17   is in conflict or would interfere with the remedy to be performed pursuant to the EPA

18   Consent Decree, (ii) would stand as an obstacle to the purpose or objectives of

19   Congress in enacting CERCLA or would violate federal preemption law, (iii) is not

20   consistent with the NCP, (iv) is violative of the general laws of the United States or

21   the laws of the State of California, or (v) is arbitrary and capricious.   Settling

22   Defendants, the WDIG Site Trust or its Trustee, as applicable, shall have the burden

23   of proving by a preponderance of the evidence, that the action(s) and/or costs

24   demanded by the Plaintiffs should be prohibited.

25      b.   The Settling Defendants reserve, and this Consent Decree is without

26   prejudice to, claims against the Plaintiffs, subject to the provisions of the California

27   Tort Claims Act, Government Code section 810 et seq., for money damages for injury

28   or loss of property or personal injury or death caused by the negligent or wrongful act

1   or omission of any employee of the Plaintiffs while acting within the scope of his

2   office or employment under circumstances where the Plaintiffs, if a private person,

3   would be liable to the claimant in accordance with the law of the place where the act

4   or omission occurred.  However, any such claim shall not include a claim for any

5   damages caused, in whole or in part, by the act or omission of any person, including

6   any contractor; nor shall any such claim include a claim based on DTSC's selection

7   of response actions, or the oversight or approval of the Settling Defendants' plans or

8   activities.

9        c.    Nothing herein shall be construed to limit, impair, or prejudice any tort,

10   governmental or sovereign immunities available to the State under applicable state

11   or federal law, or pursuant to the Constitution of the United States, with respect to (1)

12   any claim that may be asserted against the State or (2) any response, oversight or

13   other activities that the State takes with respect to the Site.

14   **XIII.  <u>EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION</u>**

15   50.  Nothing in this Consent Decree shall be construed to create any rights in, or

16   grant any cause of action to, any person not a Party to this Consent Decree.  The

17   preceding sentence shall not be construed to waive or nullify any rights that any

18   person not a signatory to this Consent Decree may have under applicable law.  Each

19   of the Parties expressly reserves any and all rights (including, but not limited to, any

20   right to contribution), defenses, claims, demands, and causes of action which each

21   Party may have with respect to any matter, transaction, or occurrence relating in any

22   way to the Site against any person not a Party hereto.

23   51.  The Parties agree, and by entering this Consent Decree this Court finds, that

24   to the extent authorized by law, the Settling Defendants, the WDIG Site Trust and its

25   Trustee are entitled, as of the Effective Date, to protection from contribution actions

26   or claims as provided by CERCLA section 113(f)(2), 42 U.S.C. section 9613(f)(2),

27   for Matters Addressed in this Consent Decree.  Nothing in this Section impairs or

28   limits any rights or obligations among and between the Settling Defendants that arise

CONSENT DECREE                          32

out of agreements among and between the Settling Defendants to share or allocate costs or responsibilities imposed under this Consent Decree. Each of the Settling Defendants' right to contribution protection shall remain in effect against all other persons provided that the Settling Defendants collectively have not defaulted on any obligation under this Consent Decree and that as to each of the Settling Defendants individually, it has not defaulted on its obligations arising out of this Consent Decree, whether or not any or all of the other Settling Defendants have fully performed their obligations under this Consent Decree.

52. The Settling Defendants, the WDIG Site Trust, and the Trustee agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree they will notify the Plaintiffs in writing no later than sixty (60) days prior to the initiation of such suit or claim.

53. The Settling Defendants, the WDIG Site Trust, and the Trustee also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree they will notify in writing the Plaintiffs within ten (10) days of service of the complaint on them. In addition, Settling Defendants, the WDIG Site Trust, and/or the Trustee shall notify the Plaintiffs within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial.

54. In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants, the WDIG Site Trust, and the Trustee shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XI (Covenants Not to Sue by Plaintiffs.)

# XIV.  **ACCESS TO INFORMATION**

55. Subject to the provisions of Paragraph 56, Settling Defendants shall provide to DTSC, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Consent Decree or the EPA Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Work pursuant to the EPA Consent Decree. Settling Defendants shall also make available to DTSC, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Settling Defendants' obligations under this Consent Decree or performance of the Work under the EPA Consent Decree.

56. Business Confidential and Privileged Documents.

a.    Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with Health and Safety Code section 25358.2. Documents or information determined to be confidential by DTSC will be afforded the protection specified in Health and Safety Code section 25358.2. If no claim of confidentiality accompanies documents or information when they are submitted to DTSC, or if DTSC has notified Settling Defendants that the documents or information are not confidential, the public may be given access to such documents or information without further notice to Settling Defendants.

b.    The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege in lieu of providing documents, they shall provide the Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document,

1  record, or information; (3) the name and title of the author of the document, record,

2  or information; (4) the name and title of each addressee and recipient; (5) a

3  description of the contents of the document, record, or information: and (6) the

4  privilege asserted by Settling Defendants. However, no documents, reports or other

5  information created or generated pursuant to the requirements of the Consent Decree

6  shall be withheld on the grounds that they are privileged.

7        c.   To the extent applicable, business confidential and privileged documents

8  shall also be governed by the California Public Records Act, California Government

9  Code sections 6250, et. seq.

10    57. No claim of confidentiality shall be made with respect to any data, including,

11  but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific,

12  chemical, or engineering data, or any other documents or information evidencing

13  conditions at or around the Site.

14                 **XV.  RETENTION OF RECORDS**

15    58. Until ten (10) years after the Settling Defendants' receipt of DTSC's

16  notification of Completion of the Work pursuant to Section XVII (Termination and

17  Satisfaction), each Settling Defendant shall preserve and retain all non-identical

18  copies and duplicates of records and documents (including records or documents in

19  electronic form) now in its possession or control or which come into its possession

20  or control that relate in any manner to its liability under CERCLA and/or the HSAA

21  with respect to the Site, provided, however, that Settling Defendants who are

22  potentially liable as owners or operators of the Site must retain, in addition, all

23  documents and records that relate to the liability of any other person under CERCLA

24  and/or the HSAA with respect to the Site. Each Settling Defendant must also retain,

25  and instruct its contractors and agents to preserve, for the same period of time

26  specified above all non-identical copies of the last draft or final version of any

27  documents or records (including documents or records in electronic form) now in its

28  possession or control or which come into its possession or control that relate in any

manner to the performance of the Work, provided, however, that each Settling Defendant (and its contractors and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned documents required to be retained. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary. The Settling Defendants may elect to preserve and retain the notices and submittals required by Paragraph 7, in an electronic format only. Such documents shall be stored in write protected CD ROMs. The records shall be retained in such a manner as to preserve their evidentiary value.

59. At the conclusion of this document retention period, Settling Defendants shall notify DTSC at least ninety (90) days prior to the destruction of any such records or documents, and, upon request by DTSC, Settling Defendants shall deliver any such records or documents to DTSC. The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal or applicable state law. If the Settling Defendants assert such a privilege, they shall provide the Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

60. Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by DTSC or the filing of suit against it regarding the

1 Site and that it has fully complied with any and all DTSC requests for information

2 pursuant to Health and Safety Code sections 25185.6 and 25358.1.

3 XVI.  **NOTICES AND SUBMISSIONS**

4     61.  Whenever, under the terms of this Consent Decree, written notice is required

5 to be given or a report or other document is required to be sent by one Party to

6 another, it shall be directed to the individuals at the addresses specified below, unless

7 those individuals or their successors give notice of a change to the other Parties in

8 writing.  All notices and submissions shall be considered effective upon receipt,

9 unless otherwise provided.  Written notice as specified herein shall constitute

10 complete satisfaction of any written notice requirement of the Consent Decree with

11 respect to the  Plaintiffs, and the Settling Defendants, respectively.

12 As to the  Plaintiffs:

13         Sayareh Amir, Chief
Southern California Cleanup Operations

14         Department of Toxic Substances Control
1011 North Grandview Avenue

15         Glendale, CA 91201

16
As to the Settling Defendants:

17
        Roberto Puga, Project Navigator Ltd.

18         Settling Defendants' Project Coordinator
One Pointe Drive, Suite 320

19         Brea, California 92821
(714) 388-1800

20
and

21         Shelby Moore

22         WDIG Common Counsel
433 E. Zarragoza Street

        Pensacola, FL 32502-6154
23

24 XVII.  **TERMINATION AND SATISFACTION**

25     62. This Consent Decree shall not terminate until both of the following

26 conditions have been met: (i) EPA issues the Certification of Completion of Work

27 provided in Section XV (Certificate of Completion of Work) of the EPA Consent

28 Decree; and (ii) DTSC issues a written Determination that the Settling Defendants'

1  obligations under this Consent Decree have been satisfied.  When conditions (i) and
2  (ii) above have been met, this Consent Decree shall be terminated as to the Settling
3  Defendants except for the provisions of Section XV (Retention of Records), Section
4  XI (Covenants Not to Sue by Plaintiffs), Section XII (Covenants by Settling
5  Defendants), Section XIII (Effect of Settlement/Contribution Protection), and such
6  other continuing rights and obligations of the Settling Defendants under this Consent
7  Decree.

8                          **XVIII.  EFFECTIVE DATE**

9      63.  The effective date of this Consent Decree shall be the date upon which this
10 Consent Decree is entered by the Court, except as otherwise provided herein.

11                   **XIX.  RETENTION OF JURISDICTION**

12     64.  This Court retains jurisdiction over both the subject matter of this Consent
13 Decree and the Settling Defendants for the duration of the performance of the terms
14 and provisions of this Consent Decree for the purpose of enabling any of the Parties
15 to apply to the Court at any time for such further order, direction, and relief as may
16 be necessary or appropriate for the construction or modification of this Consent
17 Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes
18 in accordance with Section IX (Dispute Resolution) hereof.

19                          **XX.  APPENDICES**

20     65.  In the event of any conflict between this Consent Decree and any appendix,
21 this Consent Decree shall control.

22                          **XXI.  MODIFICATION**

23     66.  All modifications or amendments to this Consent Decree shall only be made
24 upon written notification to and written approval of the Plaintiffs, the Settling
25 Defendants, and this Court, except as otherwise provided in this Consent Decree.

26     67.  Nothing in this Consent Decree shall be deemed to alter the Court's power
27 to enforce, supervise or approve modifications to this Consent Decree, including

28

without limitation, modifications resulting from any final decisions or agreement pursuant to Section IX (Dispute Resolution).

## XXII.  **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

68.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The Plaintiffs reserve the right to withdraw or withhold their consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.  If this Consent Decree is not entered by the Court for any reason, the Parties agree that any activities of the Settling Defendants, approved by DTSC and conducted in compliance with the provisions of this Consent Decree, shall be deemed to be consistent with the NCP.  If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXIII.  **SIGNATORIES/SERVICE**

69.  Each undersigned representative of a Settling Defendant to this Consent Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

70.  Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the Plaintiffs notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

71.  Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent or agents who is/are authorized to accept service of process by mail on behalf of that Party with respect to a) the Complaints filed in this matter by the Plaintiffs or any amendments thereto and other

pleadings that relate to the lodging of this Consent Decree prior to the entry thereof, and b) all other matters arising under or relating to this Consent Decree, including the enforcement thereof.  Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.  The parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the court expressly declines to enter this Consent Decree.

## XXIV.  **FINAL JUDGMENT**

72.  This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the parties with respect to the settlement embodied in the Consent Decree.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

73.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Plaintiffs and the Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Date: _April 15, 2008_        _Florence Maria Cooper_

United States District Judge

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
   Department of Toxic Substances Control v. Archer Daniels Midland Company et al.,
2  relating to the WDI Superfund Site.

3

4  FOR THE PLAINTIFFS, STATE OF CALIFORNIA DEPARTMENT OF TOXIC
   SUBSTANCES CONTROL AND THE HAZARDOUS SUBSTANCE ACCOUNT
5

6  Date: 10-25-2007

7  Sayareh Amir, Branch Chief
   Site Mitigation Cleanup Operations Branch
8  Southern California Region
   California Department of
9  Toxic Substances Control

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE                    41

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
   Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
2  relating to the WDI Superfund Site.

3

4  FOR:   Archer Daniels Midland Company
          Name of Settling Defendant

5

6  Date: September 19, 2007          Signature: _____
7                                    Name (print):  David J. Smith
                                     Title: Executive Vice President, Secretary
                                     Address:       and General Counsel
8                                                4666 Faries Parkway
9                                                Decatur, Illinois 62526

10

11 Agent authorized to accept service on behalf of above-signed Party with respect to
   the
12
   Complaints filed in this matter or any other pleadings that relate to the lodging of this
13
   Consent Decree, prior to entry thereof:
14

15
   Date: September 19, 2007          Name (print): David J. Smith      _____
16                                   Title: Executive Vice President, Secretary
                                     Address:       and General Counsel
17                                               4666 Faries Parkway
                                                 Decatur, Illinois 62526
18                                   Phone Number:  (217)424-6183

19

20 Agent authorized to accept service on behalf of above-signed Party with respect to

21 all

22 other matters arising under or relating to this Consent Decree, including the

23 enforcement thereof:

24

25 Date: September 19, 2007          Name (print): Lee R. Cunningham
                                     Title: Corporate Environmental Counsel
26                                   Address: 4666 Faries Parkway
                                              Decatur, Illinois 62526
27
                                     Phone Number: (217)451-4883
28

CONSENT DECREE                          42

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of Department of Toxic Substances Control v. Archer Daniels Midland Company, et al., relating to the WDI Superfund Site.

FOR: <u>Atlantic Oil Company</u>
<u>Name of Settling Defendant</u>

Date: <u>September 11, 2007</u>          Signature: <u>Roy C. Dolley</u>
                                         Name (print): <u>Roy Dolley</u>
                                         Title: <u>President</u>
                                         Address: <u>310 E. Colorado St. #201</u>
                                         <u>Glendale, CA 91205</u>

Agent authorized to accept service on behalf of above-signed Party with respect to the

Complaints filed in this matter or any other pleadings that relate to the lodging of this

Consent Decree, prior to entry thereof:

Date: <u>September 11, 2007</u>          Name (print): <u>Roy Dolley</u>
                                         Title: <u>President</u>
                                         Address: <u>310 E. Colorado St.</u>
                                         <u>#201 Glendale, CA 91205</u>

                                         Phone Number: <u>818-409-0922</u>

Agent authorized to accept service on behalf of above-signed Party with respect to all

other matters arising under or relating to this Consent Decree, including the

enforcement thereof:

Date: <u>September 11, 2007</u>          Name (print): <u>Roy Dolley</u>
                                         Title: <u>President</u>
                                         Address: <u>310 E. Colorado St.</u>
                                         <u>#201 Glendale, CA 91205</u>

                                         Phone Number: <u>818-409-0922</u>

CONSENT DECREE                           43

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of Department of Toxic Substances Control v. Archer Daniels Midland Company, et al., relating to the WDI Superfund Site.

FOR: *ATLANTIC RICHFIELD*
Name of Settling Defendant

Date: 9/10/07

Signature: *[signature]*
Name (print): Ronald Halsey
Title: Deputy Region Manager
Address: 4 CENTERPOINTE
LA PALMA, CA 90623

Agent authorized to accept service on behalf of above-signed Party with respect to the

Complaints filed in this matter or any other pleadings that relate to the lodging of this Consent Decree, prior to entry thereof:

Date: 9/10/07

Name (print): CT CORPORAT
Title:
Address: 818 WEST 7TH STREET
2ND FLOOR
LOS ANGELES, CA 90017
Phone Number: 213-627-8252

Agent authorized to accept service on behalf of above-signed Party with respect to all

other matters arising under or relating to this Consent Decree, including the enforcement thereof:

Date: 9/10/07

Name (print): C.T. CORPORATION
Title:
Address: 818 WEST 7TH FLOOR
2ND Floor
LOS ANGELES CA 90017
Phone Number: 213-627-8252

CONSENT DECREE                                    44

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of Department of Toxic Substances Control v. Archer Daniels Midland Company, et al., relating to the WDI Superfund Site.

FOR:   <u>Chevron U.S.A. Inc.</u>
       Name of Settling Defendant

Date: <u>September 4, 2007</u>

Signature: <u>Frank G. Soler</u>
Name (print): <u>Frank G. Soler</u>
Title: <u>Assistant Secretary</u>
Address: <u>6001 Bollinger Canyon Rd.</u>
         <u>San Ramon CA 94583</u>

Agent authorized to accept service on behalf of above-signed Party with respect to the

Complaints filed in this matter or any other pleadings that relate to the lodging of this

Consent Decree, prior to entry thereof:

Date: <u>September 4, 2007</u>

Name (print): <u>Corporation Service Company</u>
Title:
Address: <u>2730 Gateway Oaks Dr</u>
         <u>Sacramento, CA 95833</u>

Phone Number: <u>1-800-222-2122</u>

Agent authorized to accept service on behalf of above-signed Party with respect to all

other matters arising under or relating to this Consent Decree, including the

enforcement thereof:

Date: <u>September 4, 2007</u>

Name (print): <u>Same as above</u>
Title:
Address:

Phone Number:

CONSENT DECREE                              45

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
   Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
2  relating to the WDI Superfund Site.

3

4  FOR: _ConocoPhillips_
        Name of Settling Defendant

5

6  Date: 10-02-2007                    Signature: William J. Lundeen
                                       Name (print): William J. Lundeen
7                                      Title: Risk Management Remediation Central
                                       Address: Region Manager
8                                                420 S. Keeler
                                                 1368 PB
9                                                Bartlesville, OK 74004

10

11  Agent authorized to accept service on behalf of above-signed Party with respect to
    the
12
    Complaints filed in this matter or any other pleadings that relate to the lodging of this
13
    Consent Decree, prior to entry thereof:
14

15
    Date: _10-02-2007_                  Name (print): United States Corporation Company
16                                      Title:
                                        Address: PO Box 526036
17                                               Sacramento CA  95852-6036

18                                      Phone Number:_____

19

20  Agent authorized to accept service on behalf of above-signed Party with respect to

21  all

22  other matters arising under or relating to this Consent Decree, including the

23  enforcement thereof:

24

25  Date: 10-02-2007                    Name (print): United States Corporation Company
                                        Title:
26                                      Address: PO Box 526036
                                                 Sacramento CA 95852-6036
27
                                        Phone Number:_____
28

   CONSENT DECREE                          46

1   THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
    Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
2   relating to the WDI Superfund Site.

3
                                                    Andrew Shakalis
4   FOR: Conopco, Inc.                              Associate General Counsel-
         Name of Settling Defendant                 Environmental & Safety
5                                                   as in-house counsel, acting
                                                    on behalf of Conopco, Inc.
6   Date: 9/14/2007
                                    Signature:
7                                   Name (print):
                                    Title:
8                                   Address: 700 Sylvan Avenue
                                             B 3001
9                                            Englewood Cliffs, NJ 07632

10

11  Agent authorized to accept service on behalf of above-signed Party with respect to
    the

12  Complaints filed in this matter or any other pleadings that relate to the lodging of this
13  Consent Decree, prior to entry thereof:       Andrew Shakalis
                                                  Associate General Counsel-
14                                                Environmental & Safety
                                                  as in-house counsel, acting
15  Date: 9/14/2007                               on behalf of Conopco, Inc.
16                                  Name (print):
                                    Title:
17                                  Address: 700 Sylvan Avenue B 3001
                                             Englewood Cliffs, NJ
18                                                              07632
                                    Phone Number: (201) 894-2763

19

20  Agent authorized to accept service on behalf of above-signed Party with respect to
21  all

22  other matters arising under or relating to this Consent Decree, including the
23  enforcement thereof:                          Andrew Shakalis
                                                  Associate General Counsel-
24                                                Environmental & Safety
                                                  as in-house counsel, acting
25  Date: 9/14/2007                               on behalf of Conopco, Inc.
                                    Name (print):
                                    Title:
26                                  Address: 700 Sylvan Avenue B 3001
27                                           Englewood Cliffs, NJ
                                                              07632
                                    Phone Number: (201) 894-2763
28

    CONSENT DECREE                        47

1   THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
    Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
2   relating to the WDI Superfund Site.

3

4   FOR: DiLo, Inc.                          On Behalf of: Air Liquide America L.P.
         ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                  ALA LP LLC, ALA GP LLC
5        Name of Settling Defendant

6   Date: 9/12/07                            Signature: _____
                                             Name (print): Kevin M. Feeney
7                                            Title:  Secretary
                                             Address:    2700 Post Oak Blvd.
8                                                        Suite 1800
                                                        Houston, Texas   77056
9

10

11  Agent authorized to accept service on behalf of above-signed Party with respect to
    the
12
    Complaints filed in this matter or any other pleadings that relate to the lodging of this
13
    Consent Decree, prior to entry thereof:
14

15
    Date: 9/12/07                            Name (print): Kevin M. Feeney
16                                           Title:  Secretary
                                             Address: 2700 Post Oak Blvd.
17                                                     Suite 1800
                                                       Houston, Texas 77056
18                                           Phone Number:_____

19

20  Agent authorized to accept service on behalf of above-signed Party with respect to

21  all

22  other matters arising under or relating to this Consent Decree, including the

23  enforcement thereof:

24

25  Date: 9/12/07                            Name (print): Kevin M. Feeney
                                             Title:  Secretary
26                                           Address: 2700 Post Oak Blvd.
                                                      Suite 1800
27                                                    Houston, Texas 77056
                                             Phone Number:_____
28

    CONSENT DECREE                     48

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
2  Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
   relating to the WDI Superfund Site.

3

4  FOR: _Exxon Mobil Corp._
   Name of Settling Defendant

5

6  Date: _9/13/07_                          Signature: _Robert W. Jackson_
                                            Name (print): _Robert W. Jackmore_
7  On Behalf of:        Exxon Mobil Corporation,    Title: _Superfund Area Manager_
   ExxonMobil Oil Corporation, Mobil Business       Address:
   Resources Corporation, Mobil Oil Exploration
8  & Producing Southeast Inc., Mobil Exploration    _3225 Gallows Rd Fairfax VA_
   and Producing North America Inc., Mobil          _22037_
9  Exploration and Producing Services Inc., Mobil
   Exploration & Producing US Inc., The Superior
   Oil Company, Mobil Pipe Line Company, Exxon
10 Pipeline Holdings, Inc

11 Agent authorized to accept service on behalf of above-signed Party with respect to
   the
12
   Complaints filed in this matter or any other pleadings that relate to the lodging of this
13
   Consent Decree, prior to entry thereof:
14

15 Date: _9/13/07_                          Name (print): _Mark Zsschek_
                                            Title: _Attorney ExxonMobil_
16                                          Address: _3225 Gallows Rd_
17                                          _Fairfax VA_

18                                          Phone Number: _703-846-2773_

19

20 Agent authorized to accept service on behalf of above-signed Party with respect to
21 all
22 other matters arising under or relating to this Consent Decree, including the
23 enforcement thereof:

24

25 Date: _9/13/07_                          Name (print): _Mike Skinner_
                                            Title: _Project Manager_
26                                          Address: _230 Kings Highway East #300_
27                                          _Haddonfield, NJ 08033_
                                            Phone Number: _856-429-5308_
28

CONSENT DECREE                    49

1   THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
    Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
2   relating to the WDI Superfund Site.

3

4   FOR: *FERRO CORPORATION*
        Name of Settling Defendant

5

6   Date: *SEPTEMBER 13, 2007*        Signature: *[signature]*
                                       Name (print): *JAMES C. BAYS*
7                                      Title: *VICE PRESIDENT, GEN COUNSEL & SEC'Y*
                                       Address: *1000 LAKESIDE AVE*
8                                                *CLEVELAND, OHIO 44114*

9

10

11  Agent authorized to accept service on behalf of above-signed Party with respect to
    the

12  Complaints filed in this matter or any other pleadings that relate to the lodging of this

13  Consent Decree, prior to entry thereof:

14

15  Date: September 13, 2007          Name (print): C T Corporation System
                                       Title:
16                                     Address: 1300 East 9th Street
                                                Cleveland, OH 44114
17

18                                     Phone Number: 216-621-4270

19

20  Agent authorized to accept service on behalf of above-signed Party with respect to

21  all

22  other matters arising under or relating to this Consent Decree, including the

23  enforcement thereof:

24

25  Date: September 13, 2007          Name (print): C T Corporation System
                                       Title:
26                                     Address: 1300 East 9th Street
                                                Cleveland, OH 44114
27

28                                     Phone Number: 216-621-4270

CONSENT DECREE                    50

1   THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
2   Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
    relating to the WDI Superfund Site.

3

4   FOR: _Fmc Technologies Inc_
          Name of Settling Defendant

5

6   Date: _9/13/07_          Signature: _[signature]_
7                            Name (print): _Jeffrey W. Carr_
                             Title: _V.P. Gen. Counsel & Secretary_
8                            Address: _Fmc Technologies Inc_
                                      _1803 Gears Rd._
9                                     _Houston TX 77067_

10

11  Agent authorized to accept service on behalf of above-signed Party with respect to
    the
12
    Complaints filed in this matter or any other pleadings that relate to the lodging of this
13
    Consent Decree, prior to entry thereof:
14

15
    Date: _9/3/07_          Name (print): _Jeffrey W. Carr_
16                          Title: _V.P. Gen. Counsel & Secretary_
                            Address: _Fmc Technologies Inc_
17                                   _1803 Gears Rd._
                                     _Houston TX 77067_
18                          Phone Number: _281-591-4585_

19

20  Agent authorized to accept service on behalf of above-signed Party with respect to
21  all
22  other matters arising under or relating to this Consent Decree, including the
23  enforcement thereof:
24

25  Date: _9/13/07_         Name (print): _Jeffrey W. Carr_
                            Title: _V.P. Gen. Counsel & Secretary_
26                          Address: _Fmc Technologies Inc_
                                     _1803 Gears Rd_
27                                   _Houston TX 77067_
                            Phone Number: _281-591-4585_
28

CONSENT DECREE                           51

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
   Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
2  relating to the WDI Superfund Site.

3

4  FOR: *GLOBALSANTAFE CORPORATION*
         Name of Settling Defendant

5

6  Date: _9/17/07_                    Signature: _____
7                                     Name (print): JAMES L. McCULLOCH
                                      Title: SR VP + GEN. COUNSEL
                                      Address: 15375 MEMORIAL DR.
8                                     HOUSTON TX 77079

9                                     _____

10

11  Agent authorized to accept service on behalf of above-signed Party with respect to
    the
12
    Complaints filed in this matter or any other pleadings that relate to the lodging of this
13
    Consent Decree, prior to entry thereof:
14

15  Date: _9/17/07_                   Name (print): James L. McCulloch
16                                     Title: Sr. VP + Gen. Counsel
                                       Address: 15375 Memorial Dr.
17                                     Houston, TX 77079

18                                     Phone Number: _____

19

20  Agent authorized to accept service on behalf of above-signed Party with respect to
21  all
22  other matters arising under or relating to this Consent Decree, including the
23  enforcement thereof:

24

25  Date: _9/17/07_                   Name (print): James L. McCulloch
26                                     Title: Sr. VP + Gen. Counsel
                                       Address: 15375 Memorial Dr.
                                       Houston, TX 77079
27
                                       Phone Number: _____
28

CONSENT DECREE                        52

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
2  relating to the WDI Superfund Site.

3

4  FOR:  Halliburton Energy Services, Inc.
       Name of Settling Defendant

5

6  Date: _9/14/2007_                        Signature: _____
                                            Name (print): James F. Bullock
7                                           Title: Senior Vice President - Litigation
                                            Address:
8                                           1401 McKinney, Suite 2400
                                            Houston, TX   77010
9

10

11  Agent authorized to accept service on behalf of above-signed Party with respect to
    the

12  Complaints filed in this matter or any other pleadings that relate to the lodging of this

13  Consent Decree, prior to entry thereof:

14

15  Date: _9/14/2007_                       Name (print): J. Barton Seitz
                                            Title:  Baker Botts, LLP
16                                          Address: 1299 Pennsylvania Ave. NW
17                                          Washington, DC  20004

18                                          Phone Number: 202.639.7895

19

20  Agent authorized to accept service on behalf of above-signed Party with respect to

21  all

22  other matters arising under or relating to this Consent Decree, including the

23  enforcement thereof:

24

25  Date: _9/14/2007_                       Name (print): J. Barton Seitz
                                            Title: Baker Botts, LLP
26                                          Address: 1299 Pennsylvania Ave. NW
                                            Washington, DC   20004
27
                                            Phone Number: 202.639.7895
28

CONSENT DECREE                     53

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of Department of Toxic Substances Control v. Archer Daniels Midland Company et al., relating to the WDI Superfund Site.

FOR   McDonnell Douglas Corporation

9/25/07
Date

Signature: _____
Name (print):  Steven L. Shestag
Title:  Director, Remediation Environment,
Address:  Health and Safety, The Boeing Company
          Santa Susana Field Laboratory
          5800 Woolsey Canyon Road
          Canoga Park, CA  91304

Agent authorized to accept service on behalf of above-signed Party with respect to the Complaints filed in this matter or any other pleadings that relate to the lodging of this Consent Decree, prior to entry thereof:

Name (print):  Kathleen H. Wong
Title:   Counsel, The Boeing Company
Address:  The Boeing Company
          2201 Seal Beach Boulevard
          Seal Beach, CA 90740-1515
Ph. Number:  562-797-1062

Agent authorized to accept service on behalf of above-signed Party with respect to all other matters arising under or relating to this Consent Decree, including the enforcement thereof:

Name (print):  Kathleen H. Wong
Title:   Counsel, The Boeing Company
Address:  The Boeing Company
          2201 Seal Beach Boulevard
          Seal Beach, CA 90740-1515
Ph. Number:  562-797-1062

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of Department of Toxic Substances Control v. Archer Daniels Midland Company, et al., relating to the WDI Superfund Site.

FOR: _Shell Oil Company_
Name of Settling Defendant

Date: 9/17/07

Signature: _B. K. Garrison_
Name (print):    B. K. Garrison
Title:    Attorney-in-Fact
Address:
    P O Box 576
    Houston TX 77001

Agent authorized to accept service on behalf of above-signed Party with respect to the

Complaints filed in this matter or any other pleadings that relate to the lodging of this

Consent Decree, prior to entry thereof:

Date: 9/17/07

Name (print): B.K. Garrison
Title:    Attorney-in-Fact
Address: P.O. Box 576
    Houston, TX 77001

Phone Number:_____

Agent authorized to accept service on behalf of above-signed Party with respect to all

other matters arising under or relating to this Consent Decree, including the

enforcement thereof:

Date: 9/17/07

Name (print): B.K. Garrison
Title:    Attorney-in-Fact
Address: P.O. Box 576
    Houston, TX 77001

Phone Number:_____

CONSENT DECREE                55

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
2  Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
   relating to the WDI Superfund Site.

3

4  FOR:  Texaco Inc.
            Name of Settling Defendant

5

6  Date: September 4, 2007                    Signature: Frank G. Soler
7                                             Name (print): Frank G. Soler
                                              Title: Vice President and Secretary
8                                             Address: 6001 Bollinger Canyon Rd.
                                                       San Ramon CA 94583

9

10

11 Agent authorized to accept service on behalf of above-signed Party with respect to
12 the

   Complaints filed in this matter or any other pleadings that relate to the lodging of this
13
   Consent Decree, prior to entry thereof:
14

15
   Date: September 4, 2007                    Name (print): Corporation Service Company
16                                            Title:
                                              Address:  2730 Gateway Oaks Dr.
17                                                       Sacramento CA 95833

18                                            Phone Number: 1-800-222-2122

19

20 Agent authorized to accept service on behalf of above-signed Party with respect to
21 all

22 other matters arising under or relating to this Consent Decree, including the

23 enforcement thereof:

24

25 Date: September 4, 2007                    Name (print): Same as above
                                              Title:
26                                            Address:

27
                                              Phone Number:
28

CONSENT DECREE                    56

1   THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
2   Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
    relating to the WDI Superfund Site.

3

4   FOR: _Union Oil Company of California_
         Name of Settling Defendant

5

6   Date: _September 4, 2007_              Signature: _Frank G. Soler_
                                           Name (print): _Frank G. Soler_
7                                          Title: _Assistant Secretary_
                                           Address: _6001 Bollinger Canyon Rd._
8                                          _San Ramon CA 94583_

9

10

11  Agent authorized to accept service on behalf of above-signed Party with respect to
    the
12
    Complaints filed in this matter or any other pleadings that relate to the lodging of this
13
    Consent Decree, prior to entry thereof:
14

15
    Date: _September 4, 2007_              Name (print): _Corporation Service Company_
16                                         Title:
                                           Address: _2730 Gateway Oaks Dr_
17                                         _Sacramento CA 95833_

18                                         Phone Number: _1-800-222-2122_

19

20  Agent authorized to accept service on behalf of above-signed Party with respect to
21  all
22  other matters arising under or relating to this Consent Decree, including the
23  enforcement thereof:

24

25  Date: _September 4, 2007_              Name (print): _Same as above_
                                           Title:
26                                         Address:

27
                                           Phone Number:
28

    CONSENT DECREE                        57

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
   Department of Toxic Substances Control v. Archer Daniels Midland Company, et al.,
2  relating to the WDI Superfund Site.

3

4  FOR: Union Pacific Railroad Co.
        _____
        Name of Settling Defendant

5

6  Date:  9/17/07                      Signature: _____
                                       Name (print):Adrian L. Randolph
7                                      Title: General Solicitor
                                       Address: Union Pacific Railroad
8                                      10031 Foothills Blvd., #200
                                       Roseville, CA  95747-7101
9

10

11 Agent authorized to accept service on behalf of above-signed Party with respect to
   the

12 Complaints filed in this matter or any other pleadings that relate to the lodging of this

13 Consent Decree, prior to entry thereof:

14

15 Date:  9/17/07                      Name (print): Adrian L. Randolph
16                                     Title: General Solicitor
                                       Address: Union Pacific Railroad
17                                     10031 Foothills Blvd., #200
                                       Roseville, CA 95747-7101
18                                     Phone Number: _____

19

20 Agent authorized to accept service on behalf of above-signed Party with respect to

21 all

22 other matters arising under or relating to this Consent Decree, including the

23 enforcement thereof:

24

25 Date:  9/17/07                      Name (print): Adrian L. Randolph
26                                     Title: General Solicitor
                                       Address: Union Pacific Railroad
27                                     10031 Foothills Blvd., #200
                                       Roseville, CA 95747-7101
28                                     Phone Number: _____

CONSENT DECREE                  58